989 F.2d 493
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles P. JONES, Plaintiff-Appellee,
v.
Norman C. WELLS, Individually and in his capacity as an
officer for the City of Newport News Police
Department, Defendant-Appellant,
and Jay Carey; City of Newport News, Defendants.
 No. 92-1765.
 United States Court of Appeals,
Fourth Circuit.
 Argued: February 2, 1993
Decided: March 8, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Rebecca B. Smith, District Judge. (CA-91-119-4)
 John Ernest Anton, REESE & ANTON, Williamsburg, Virginia, for Appellant.
 Jimese Lynne Pendergraft, JONES, BLECH MAN, WOLTZ & KELLY, P.C., Newport News, Virginia, for Appellee.
 Michael B. Ware, JONES, BLECHMAN, WOLTZ & KELLY, P.C., Newport News, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before HALL, MURNAGHAN, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Here, an altercation occurred between the plaintiff and a policeman during or immediately after a ticket or citation was written for a friend of the plaintiff. A scuffling ensued, with injury to the plaintiff.
 
 
 2
 An action charging 42 U.S.C. § 1983 violations and constitutional infractions followed. The defendant officer denied the charges but did not plead affirmative defenses. Particularly, he did not raise by pleading the defense of qualified immunity.
 
 
 3
 The answer was at no time amended but the pretrial conference document of the defendant listed qualified immunity as a triable issue. Qualified immunity as an issue was struck as untimely by the district judge since it had never been properly pleaded as an affirmative defense. Thurston v. United States Postal Service, 810 F.2d 438, 443 (4th Cir. 1987); Gomez v. Toledo, 446 U.S. 635 (1980); Harlow v. Fitzgerald, 457 U.S. 800 (1982). The fact that qualified immunity if proved is an "immunity from suit," Mitchell v. Forsyth, 472 U.S. 511 (1985), does not render unnecessary timely pleading.
 
 
 4
 The district court acted within its discretion in refusing to rule on the summary judgment motion raising qualified immunity since, under the circumstances of the case, such an allowance would have prejudiced the plaintiff in his preparation for the approaching trial.
 
 
 5
 Turning to the argument that there was not sufficient excess force proven to support the verdict of $2500.00, as it has been contended it is but a disguised attempt to reinstitute the affirmative defense of qualified immunity which was properly held to have been waived. Considering the jury's verdict on an objectionably reasonable test, unconstrained by the limitation of what a reasonable officer could have thought was lawful behavior, we conclude that the verdict should not be upset. Compare Kopf v. Wing, 942 F.2d 265, 267 (4th Cir. 1991) (whether a particular use of force to effect an arrest is excessive is judged by standard of "objective reasonableness") and Richmond Television Corp. v. United States, 354 F.2d 410, 414 (4th Cir. 1965) (standard for granting directed verdict is whether the evidence, viewed in the light most favorable to the party opposing the motion, presents a question upon which reasonable people could reach only one conclusion) with Slattery v. Rizzo, 939 F.2d 213, 216 (4th Cir. 1991) (police officer should prevail on assertion of qualified immunity if reasonable officer possessing same information could have believed his conduct was lawful). The officer, in discovery, admitted that the plaintiff had engaged in no illegal or unlawful conduct warranting the attack on him. The scuffling resulting in arrest caused effects substantial enough to support the verdict of $2500.00 for excessive force.
 
 Accordingly, the judgment is
 
 6
 AFFIRMED.